Bear v. Bear.

Bear v. Bear.

1. *Matrimonial Rights—Sale of Property in Fraud of.*—A husband owned property on the 26th day of November, when he and his wife separated. The husband had a brother living in Kansas. On the 3d day of December he arrived at the home of the husband and purchased all of his property except " cash in hand and promissory notes " for $5,000, paying $1,000, and giving his note for the balance; *held*, that the sale was only colorable and that both parties entered into it with the fraudulent intent and purpose of reserving the property beyond the reach of the wife and of preventing its application under the statute to her use and benefit and that of her child.

Memorandum.—Suit for separate maintenance. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

APPELLEE'S STATEMENT OF THE CASE.

Appellee, Emma J. Bear, was married to Sebastian G. Bear on the 23d day of February, 1887. There were born of their marriage two children, a daughter (three years old) and a boy (fourteen months old). They lived on a farm. The husband was a prosperous man, and was worth about $12,000 in various kinds of property. About the 25th day of June, appellee and her husband went to Aurora, to attend the funeral of a relative, and on that occasion, and without any cause whatever, he seems to have conceived an unfounded suspicion against his wife, and from that time on made her the object of the most intense and jealous persecutions. These persecutions and cruelties, practiced by her husband during a period of over five months, re-

sulted in her leaving him, on the 26th day of November, 1891, and going to live with her father. At the time she went away, which was with the husband's consent and approval, he gave her $200 in money, retaining possession of all the household effects, and of their daughter. On the 14th day of January, 1892, she filed her bill for separate maintenance, setting forth that she was living separate and apart from her husband without her fault, and asking for an allowance for her support. In February, it was discovered that the defendant, the husband, had converted a large portion of his property, about one-half, into money, had taken their little girl and left the country, since which time his place of abode has not been known to appellee. About $5,000 worth of property which belonged to him, consisting of notes, accounts, credits, horses, cattle, farming utensils and household effects, were all in the possession of, and claimed to be owned by a brother of his, one Joseph Bear. Whereupon a petition was filed by appellee wherein she stated that the said Joseph was selling her husband's property, and asked for an injunction against him, and for the appointment of a receiver to take charge of said property, to be held as a security for the protection of her marital rights. A receiver was appointed, and upon demanding the property from the said Joseph, it was then claimed that he had purchased it from his brother, and that he was the owner of it. Thereupon the complainant filed an amended bill, setting up the facts then in her knowledge.

Joseph Bear, who was not a party to the original bill, came in and answered the amended bill, and submitted himself to the jurisdiction of the court. The cause was referred to the master to take proofs. The master reported from the evidence that Sebastian G. Bear was, on the 26th day of November, 1891, the owner of $12,000 worth of property; that the complainant had no property or means of support; that Joseph Bear was in possession of $5,615 worth of property of the said Sebastian G. Bear, which he claimed by virtue of the bill of sale; that he claimed to have paid $1,000 in cash and to have given his note for $4,000; that

Bear v. Bear.

the said sale was colorable only, and not made in good faith, and was void as against the rights of the complainant, Emma J. Bear; that $400 worth of said property was exempt from sale under the exemption laws of Illinois, as against the rights of Emma J. Bear; that the reasonable value of her solicitors' fees was $300. Exceptions were filed to said report and overruled, except as to the finding of the master as to the $400 exemption. The other findings of the master were sustained by the decree.

### APPELLANT'S BRIEF.

Fraud can not be presumed, but must be proved by the party who alleges it. Reed v. Noxon, 48 Ill. 323; Stout v. Olive, 40 Ill. 245.

KERRICK, LUCAS & SPENCER, solicitors for appellant.

JOHN T. LILLARD and JAMES S. EWING, solicitors for appellee.

OPINION OF THE COURT, *the Hon. Carroll C. Boggs, Judge.*

At the February term, 1892, of the Circuit Court of McLean County, upon a bill framed under the statute for that purpose, the appellee obtained a decree for separate maintenance against Sebastian Bear, her husband.

Under the same bill by appropriate pleading an issue was made between the appellee and Joseph Bear, the appellant, who is a brother of Sebastian, as to the ownership of certain personal property, chose in action, etc., claimed by Joseph, but which the appellee alleged was the property of her husband.

This issue was tried and determined in favor of the wife, to reverse which Joseph Bear appeals to this court. The ownership of this property is the only question to be determined.

That Sebastian owned the property on the 26th day of November, 1891, when he and his wife separated, is conceded by all. Joseph's claim is that he purchased the prop-

erty from Sebastian on the 3d day of December, 1891. When the separation of the husband and wife occurred, Joseph lived in Kansas. He arrived at the home of Sebastian, in Illinois, about the 1st of December, only three or four days after the separation, and he alleges that he purchased the property involved herein from his brother a day or two after his arrival.

He produced a bill of sale purporting to invest him with the title to Sebastian's property of "every kind and nature except cash in hand and promissory notes not assigned and delivered to him," all of which he claims to have purchased for a gross sum.

The price fixed upon the property was $5,000, which Joseph testifies he paid by cash, $1,000, and by giving his note for $4,000, bearing seven per cent interest.

It is not complained that the court entertained erroneous views as to any principle of law or equity involved in the decision of the case, or that improper evidence was admitted or competent evidence rejected. The sole ground upon which a reversal is asked is that the evidence does not uphold the decree.

We have carefully read the evidence and attentively followed and considered the argument of counsel thereupon and find no reason for interfering with the finding or decree of the Circuit Court. We are, in fact, fully satisfied from the evidence that the transaction between the brothers by which the appellant insists he became the owner of the property was only a colorable and not a real sale, and that both of the parties entered into it with the fraudulent intent and purpose of removing the property beyond the reach of the wife of Sebastian and of preventing its application under the statute to the use and benefit of his wife and child.

The decree is right and must be affirmed.